IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | FILED: MAY 19, 2008<br>08 cv 2883   JH<br>JUDGE KENDALL<br>MAGISTRATE JUDGE BROWN |
| H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | CIVIL ACTION |
| THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND, | NO.<br><br>JUDGE |
| RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL RETIREMENT FUND, | |
| Plaintiffs, | |
| vs. | |
| ARAMARK CORPORATION, f/k/a ARAMARK SERVICES, INC., | |
| Defendant. | |

## COMPLAINT

The Plaintiffs, THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND ("Welfare Fund"), H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND ("Pension Fund") and RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL

RETIREMENT FUND (collectively "Plaintiffs"), by their attorneys, complaining of the Defendant, ARAMARK CORPORATION, f/k/a ARAMARK SERVICES, INC., allege as follows:

## JURISDICTION

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145. Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

## PARTIES

2. Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5) and 29 U.S.C. §186(c)(5). The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3. The Trustees of the Welfare Fund and the Sixth Amended and Restated Agreements and Declarations of Trusts (Welfare Trust Agreement) governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf. H. W. Ward, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4. Plaintiff Pension Fund is a "pension plan" pursuant to ERISA §§3(2)(A) and 3(37) and 29 U.S.C. §§1002(1) and 1002(37) and is an "employee benefit trust fund" under LMRA §302(c)(5) and 29 U.S.C. §186(c)(5). The Pension Fund brings this action in such capacity as an

entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

5. The Trustees of the Pension Fund and the Agreement and Declaration of Trust (Pension Trust Agreement) governing the Pension Fund's establishment and operation authorize the Pension Fund's Plan Administrator to initiate litigation on the Pension Fund's behalf. Richard N. Rust, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Pension Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(-A) and 1132(a)(3).

6. Defendant is a Delaware corporation and is engaged in the hospitality industry with a principal place of business located at 1101 Market Street, Philadelphia, Pennsylvania. The location at which the employees worked was Chase Manhattan at 1985 Marcus Avenue, New Hyde Park, NY.

## VENUE

7. The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

## FACTS

8. Defendant, by its authorized agent, has executed collectively-bargained labor agreements with HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES UNION LOCAL 100 (Labor Agreements), which require contributions be made to the Welfare Fund and Pension Fund for and on behalf of Defendant's eligible employees.

9. The Labor Agreements bind Defendant to the Welfare Trust Agreement and the Pension Trust Agreement.

10. Under the Welfare Trust and Pension Trust Agreements, Plaintiffs have the right to examine and/or audit the pertinent payroll books and records of each Employees whenever such examination or audit is deemed necessary in connection with the proper administration of the Funds.

11. Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2000 through December 31, 2004 and January 1, 2005 through December 31, 2006 in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs.

12. Currently, Defendant has allowed Plaintiffs to audit for the period January 1, 2002 through December 31, 2004. If there are any findings that show Defendant owes contributions for that period, Plaintiffs seek collection of those amounts as well.

13. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

14. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

15. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

A. That an account be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period January 1, 2000 through December 31, 2004 and January 1, 2005 through December 31, 2006;

B. That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action, or as subsequently determined all as provided for in the Plans and in ERISA;

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).


/s/   Laura M. Finnegan


Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  6210637
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Aramark\Chase Manhattan\complaint.lmf.df.wpd