**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | |
| H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | |
| THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND, | CASE NO. 01:08 CV 2833 |
| | JUDGE KENDALL |
| RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL RETIREMENT FUND, | MAGISTRATE JUDGE BROWN |
| Plaintiffs, | |
| vs. | |
| ARAMARK CORPORATION, f/k/a ARAMARK SERVICES, INC., | |
| Defendant. | |

**DEFENDANT'S MOTION TO REASSIGN AND
CONSOLIDATE BEFORE JUDGE KENDALL**

Defendant, ARAMARK CORPORATION, f/k/a Aramark Services, Inc. ("Aramark"), by

its attorneys, and pursuant to Federal Rule of Civil Procedure 42(a), Local Rule 40.4 and N.D.

Ill. Internal Operating Procedure 13(d), respectfully moves this Court to request that the

Executive Committee enter an order reassigning (1) *The UNITE HERE National Retirement*

*Fund, et al. v. Aramark Educational Services, LLC, f/k/a Aramark Educational Services, Inc.*

(Case No. 08-2887) (Judge St. Eve); and (2) *The Hotel Employees and Restaurant Employees International Union Welfare Fund, et al. v. Aramark Corporation, f/k/a Aramark Service, Inc.* (Case No. 08-2938) (Judge Kocoras) before this Court, and that this Court enter an order consolidating (1) this case; (2) Case No. 08-2887; and (3) Case No. 08-2938 (collectively, the "Lawsuits"). In support of its motion, Aramark states as follows:

1.      On or about May 19, 2008, Plaintiffs The Hotel Employees and Restaurant Employees International Union Welfare Fund, H.W. Ward, The UNITE HERE National Retirement Fund, and Richard N. Rust (collectively, the "Plaintiffs"), filed the instant case pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq*., alleging that Aramark failed to permit Plaintiffs to review its payroll records for the time periods of January 1, 2000 through December 31, 2004, and January 1, 2005 through December 31, 2006, which Plaintiffs requested to conduct an audit of hours worked and wages received by Aramark's employees. (Compl. ¶11, attached hereto as *Exhibit A*).

2.      Plaintiffs allege that their right to conduct such an audit arises from the Sixth Amended and Restated Agreement and Declaration of Trust Governing the Hotel Employees and Restaurant Employees International Union Welfare Fund (the "Trust Agreement"), dated March 6, 2003.

3.      In the Complaint, Plaintiffs request the following relief: (1) an accounting as to wages received and hours worked by all employees; and (2) that judgment be entered in favor of Plaintiffs for all unpaid contributions, liquidated damages, audit costs, attorneys' fees and court costs should it be determined, after the audit, that Aramark has failed to make contributions pursuant to the Trust Agreement. (Compl. p. 5).

4.      In Case No. 08-2938, filed on or about My 21, 2008, the same Plaintiffs allege, pursuant to ERISA, that Aramark failed to permit Plaintiffs to review its payroll records for the time periods of January 1, 2000, through December 31, 2001, and January 1, 2005, through December 31, 2007, in violation of the same Trust Agreement. (Compl. ¶¶12 and 14, attached hereto as *Exhibit B*). Further, Plaintiffs request the following relief: (1) an accounting as to wages received and hours worked by all employees; (2) that Aramark allow Plaintiffs access to its premises to examine and/or audit Aramark's payroll books and records for a specified time period; and (3) that judgment be entered in favor of Plaintiffs for all unpaid contributions, liquidated damages, audit costs, attorneys' fees and court costs should it be determined, after the audit, that Aramark has failed to make contributions pursuant to the Trust Agreement. (Compl. p. 5).

5.      In Case No. 08-2887, filed on or about May 19, 2008, plaintiffs The UNITE HERE National Retirement Fund and Richard N. Rust allege, pursuant to ERISA, that Aramark failed to permit the plaintiffs to review its payroll records for the time period January 1, 2001, through December 31, 2001, in violation of the Trust Agreement. (Compl. ¶11, attached hereto as *Exhibit C*). Further, the plaintiffs request the following relief: (1) an accounting as to wages received and hours worked by all employees; and (2) that judgment be entered in favor of the plaintiffs for all unpaid contributions, liquidated damages, audit costs, attorneys' fees and court costs should it be determined, after the audit, that Aramark has failed to make contributions pursuant to the Trust Agreement. (Compl. p. 4).

6.      Northern District of Illinois Local Rule 40.4 permits the reassignment of a case where the case "is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met":

(1)     both cases are pending in this Court;

(2)     the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3)     the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4)     the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b).

7.     Local Rule 40.4 further provides, *inter alia*, that "[t]wo or more civil cases may be related if one or more of the following conditions are met…(2) the cases involve some of the same issues of fact or law."  L.R. 40.4(a)(2).

8.     As an initial matter, the Lawsuits are related as defined by Local Rule 40.4(a). The Lawsuits contain common questions of law and fact with overlapping time periods and common plaintiffs and defendants.  The plaintiffs allege virtually identical claims in all three of the Lawsuits – failure to permit access to Aramark's premises and/or payroll books and records. The claims are premised on the same law (ERISA, §§502(a)(3) and 515, 29 U.S.C. §§1132(a) and 1145), require interpretation of the same Trust Agreement and the subsequent Procedural Agreement entered into between the HEREIU Welfare Pension Funds and Aramark ("Procedural Agreement"), effective April 1, 2005, and request similar relief.  *See, e.g., Apostolou v. Geldermann, Inc.*, 919 F. Supp. 289, 292 (N.D. Ill. 1996) (the court found that thirteen complaints were "related" as defined by the predecessor to Local Rule 40.4(a), where "the allegations focus on essentially the same behavior by the defendants, and the theories of liability are identical").

9.     The Lawsuits also meet the criteria set forth in Local Rule 40.4(b):

    (a)     All three Lawsuits are pending in the U.S. District Court for the Northern District of Illinois, Eastern Division;

    (b)     The handling of the Lawsuits by the same judge is likely to result in a substantial saving of judicial time and effort, as the Lawsuits contain overlapping issues and common questions of law and fact, as described above;

    (c)     All three Lawsuits are in the initial pleading stage with no responsive pleadings yet on file and, therefore, the reassignment of the Lawsuits would not delay the proceedings in the instant case currently pending before this Court; and

    (d)     Resolution of all three Lawsuits is dependant upon on the interpretation of the documents that govern the plaintiffs' right to audit Aramark's records – the Trust Agreement and the Procedural Agreement. Thus, the Lawsuits are susceptible to disposition in a single proceeding.

10.     Northern District of Illinois Internal Operating Procedure No. 13(d) provides:

> When two or more judges agree that the reassignment of one or more cases to one of them will enable the case or cases to be more efficiently administered and will serve to save judicial time, the cases involved may be transferred to the Executive Committee with a request for such reassignment. The request shall indicate briefly the reasons for such reassignment and specify whether or not the judge receiving the case is to return any case or cases to the Committee for reassignment to the transferring judge. If the Committee finds that the reassignment will enable a more efficient administration of the cases, it may then order the reassignment.

N.D. Ill. IOP No. 13(d).

11.     Motions to consolidate are governed by Federal Rule of Civil Procedure 42(a), which provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

12.    Rule 42 simply requires that a common question of law or fact exist and that consolidation will be beneficial.    8 James Wm. Moore, et al., *Moore's Federal Practice* ¶42.10[1][a] (3d ed. 2005).

13.    Reassigning and consolidating the Lawsuits would foster the convenience of the Court and the parties.    As detailed above, the Lawsuits unquestionably share common questions of law and fact.    In all of the Lawsuits, the plaintiffs allege that Aramark failed to permit access to its premises and/or payroll books and records, to conduct an audit of hours worked and wages received by Aramark's employees, in violation of the Trust Agreement.    Consolidation will conserve judicial resources by eliminating the need for a second and third court to address identical issues not only on the merits, but on discovery matters as well.    Conversely, if the cases are not consolidated, the risk of inconsistent adjudications and fact determinations is substantial, as the Trust Agreement and Procedural Agreement are at the crux of each case and necessarily will have to be interpreted in all three Lawsuits in order to resolve the plaintiffs' claims against Aramark.

14.    Further, reassignment and consolidation of the Lawsuits will benefit all parties by avoiding unnecessary costs and delays associated with duplicative litigation of identical issues. *See, e.g., Sage Products, Inc. v. Devon Industries, Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993) (where cases were "related" as defined by local rules, the court granted the defendant's motion to consolidate pre-trial matters "because duplication of effort will be avoided, as will the delay and expense of proceeding with separate depositions and separate motion schedules"); *Applied Web Systems, Inc. v. Catalytic Combustion Corp.*, Case No. 90 C 4411, 1991 U.S. Dist. LEXIS 5696, *6-7 (N.D. Ill. 1991) (Motion to reassign two cases to the same judge was granted where the complaints were virtually identical, and both cases were filed on the same date and were in the

early stages of the litigation process.  Motion to consolidate was granted as to discovery, because "streamlining discovery not only will eliminate duplication of time and effort by all parties, but also will contain litigation costs").

15.     Finally, as there have been no substantive rulings or judgments in any of the Lawsuits, no party will suffer prejudice to a substantial right if the Lawsuits are reassigned and consolidated.

16.     Aramark is providing courtesy copies of this motion (with exhibits) to Judge St. Eve and Judge Kocoras.

WHEREFORE, Aramark respectfully requests that the Executive Committee enter an order which reassigns (1) *The UNITE HERE National Retirement Fund, et al. v. Aramark Educational Services, LLC, f/k/a Aramark Educational Services, Inc.* (Case No. 08-2887) (Judge St. Eve); and (2) *The Hotel Employees and Restaurant Employees International Union Welfare Fund, et al. v. Aramark Corporation, f/k/a Aramark Service, Inc.* (Case No. 08-2938) (Judge Kocoras) before this Court.  Aramark further requests that this Court enter an order consolidating (1) this case; (2) Case No. 08-2887; and (3) Case No. 08-2938.


Dated: July 2, 2008                              Respectfully submitted,

                                                 ARAMARK CORPORATION, f/k/a
                                                 ARAMARK SERVICES, INC.,


                                                 By:     /s/  Stephanie L. Sweitzer
                                                         One of Its Attorneys

Thomas F. Hurka
Stephanie L. Sweitzer
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Fifth Floor
Chicago, IL  60601
Tel.:    312.324.1000
Fax:    312.324.1001
thurka@morganlewis.com
ssweitzer@morganlewis.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Defendant's

Motion To Reassign And Consolidate Before Judge Kendall was served via the Court's CM/ECF

(Electronic Case Filing) System on:

> Laura M. Finnegan
> Attorney for the Plaintiffs
> BAUM SIGMAN AUERBACH &
>   NEUMAN, LTD.
> 200 West Adams Street, Suite 2200
> Chicago, IL  60606-5231
> lmfinnegan@baumsigman.com

on July 2, 2008.

> /s/  Stephanie L. Sweitzer

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | ) ) ) )  FILED: MAY 19, 2008 <br> 08 cv 2883    JH <br> JUDGE KENDALL <br> MAGISTRATE JUDGE BROWN |

THE HOTEL EMPLOYEES AND RESTAURANT
EMPLOYEES INTERNATIONAL UNION WELFARE
FUND,                                                          )

                )

H. W. WARD, as fiduciary of THE HOTEL        )
EMPLOYEES AND RESTAURANT EMPLOYEES            )
INTERNATIONAL UNION WELFARE FUND,             )

THE UNITE HERE NATIONAL RETIREMENT FUND,      )
f/k/a THE HOTEL EMPLOYEES AND RESTAURANT      )
EMPLOYEES INTERNATIONAL UNION PENSION         )
FUND,                                         )

RICHARD N. RUST, as fiduciary of THE UNITE HERE )
NATIONAL RETIREMENT FUND,                     )

         Plaintiffs,           )

     vs.                          )

ARAMARK CORPORATION, f/k/a ARAMARK            )
SERVICES, INC.,                               )

         Defendant.            )

FILED: MAY 19, 2008
08 cv 2883    JH
JUDGE KENDALL
MAGISTRATE JUDGE BROWN

CIVIL ACTION

NO.

JUDGE

## COMPLAINT

The Plaintiffs, THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES

INTERNATIONAL UNION WELFARE FUND ("Welfare Fund"), H. W. WARD, as fiduciary of

THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION

WELFARE FUND, THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL

EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND

("Pension Fund") and RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL

RETIREMENT FUND (collectively "Plaintiffs"), by their attorneys, complaining of the Defendant,

ARAMARK CORPORATION, f/k/a ARAMARK SERVICES, INC., allege as follows:

## JURISDICTION

1.      This action arises under the laws of the United States and is brought pursuant to the

Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515,

29 U.S.C. §§1132(a)(3) and 1145.  Jurisdiction is based upon the existence of questions arising

thereunder, as hereinafter more fully appears.

## PARTIES

2.      Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29

U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5)

and 29 U.S.C. §186(c)(5).  The Welfare Fund brings this action in such capacity as an entity pursuant

to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3.      The Trustees of the Welfare Fund and the Sixth Amended and Restated Agreements

and Declarations of Trusts (Welfare Trust Agreement) governing the Welfare Fund's establishment

and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare

Fund's behalf. H. W. Ward, as Plan Administrator, brings this action pursuant to such authority and

in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and

29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4.      Plaintiff Pension Fund is a "pension plan" pursuant to ERISA §§3(2)(A) and 3(37)

and 29 U.S.C.  §§1002(1) and 1002(37) and is an "employee benefit trust fund" under LMRA

§302(c)(5) and 29 U.S.C. §186(c)(5).  The Pension Fund brings this action in such capacity as an

2

entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

5.      The Trustees of the Pension Fund and the Agreement and Declaration of Trust (Pension Trust Agreement) governing the Pension Fund's establishment and operation authorize the Pension Fund's Plan Administrator to initiate litigation on the Pension Fund's behalf. Richard N. Rust, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Pension Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

6.      Defendant is a Delaware corporation and is engaged in the hospitality industry with a principal place of business located at 1101 Market Street, Philadelphia, Pennsylvania. The location at which the employees worked was Chase Manhattan at 1985 Marcus Avenue, New Hyde Park, NY.

## VENUE

7.      The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

## FACTS

8.      Defendant, by its authorized agent, has executed collectively-bargained labor agreements with HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES UNION LOCAL 100 (Labor Agreements), which require contributions be made to the Welfare Fund and Pension Fund for and on behalf of Defendant's eligible employees.

9.     The Labor Agreements bind Defendant to the Welfare Trust Agreement  and the
Pension Trust Agreement.

10.     Under the Welfare Trust and Pension Trust Agreements, Plaintiffs have the right to
examine and/or audit the pertinent payroll books and records of each Employees whenever such
examination or audit is deemed necessary in connection with the proper administration of the Funds.

11.     Defendant has failed and refused to permit Plaintiffs' auditors to review its various
payroll records for the time period January 1, 2000 through December 31, 2004 and January 1, 2005
through December 31, 2006 in order to verify the accuracy of its past reporting and to determine
what additional contributions, if any, may be due the Plaintiffs.

12.     Currently, Defendant has allowed Plaintiffs to audit for the period January 1, 2002
through December 31, 2004.  If there are any findings that show Defendant owes contributions for
that period, Plaintiffs seek collection of those amounts as well.

13.     A copy of this Complaint has been served upon the Secretary of Labor and the
Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

14.     Plaintiffs have requested that Defendant perform its obligations as aforesaid, but
Defendant has failed and refused to so perform.

15.     Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is
causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no
adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.    That an account be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period January 1, 2000 through December 31, 2004 and January 1, 2005 through December 31, 2006;

B.    That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action, or as subsequently determined all as provided for in the Plans and in ERISA;

C.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).



/s/  Laura M. Finnegan_____



Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  6210637
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Aramark\Chase Manhattan\complaint.lmf.df.wpd

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND, | ) ) ) ) | |
| RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL RETIREMENT FUND, | ) ) ) | CIVIL ACTION NO. |
| Plaintiffs, | ) ) ) | JUDGE |
| vs. | ) ) ) | FILED: MAY 19, 2008 08 cv 2887     JH |
| ARAMARK EDUCATIONAL SERVICES, LLC, a Delaware limited liability company, f/k/a ARAMARK EDUCATIONAL SERVICES, INC. | ) ) ) ) | JUDGE ST. EVE MAGISTRATE JUDGE MASON |
| Defendant. | ) | |

## COMPLAINT

The Plaintiffs, THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL

EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND

("Pension Fund") and RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL

RETIREMENT FUND (collectively "Plaintiffs"), by their attorneys, complaining of the Defendant,

ARAMARK EDUCATIONAL SERVICES, LLC, a Delaware limited liability company, f/k/a

ARAMARK EDUCATIONAL SERVICES, INC., allege as follows:

## JURISDICTION

1.    This action arises under the laws of the United States and is brought pursuant to the

Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515,

29 U.S.C. §§1132(a)(3) and 1145. Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

## PARTIES

2.     Plaintiff Pension Fund is a "pension plan" pursuant to ERISA §§3(2)(A) and 3(37) and 29 U.S.C. §§1002(1) and 1002(37) and is an "employee benefit trust fund" under LMRA §302(c)(5) and 29 U.S.C. §186(c)(5). The Pension Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3.     The Trustees of the Pension Fund and the Agreement and Declaration of Trust (Pension Trust Agreement) governing the Pension Fund's establishment and operation authorize the Pension Fund's Plan Administrator to initiate litigation on the Pension Fund's behalf. Richard N. Rust, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Pension Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(-A) and 1132(a)(3).

4.     Defendant is a Delaware limited liability company and is engaged in the hospitality industry with a principal place of business located at 1101 Market Street, Philadelphia, Pennsylvania. The location at which the employees worked was Kenyon College in Gambier, Ohio.

## VENUE

7.     The Pension Fund maintains an office for collecting pension contributions for employees who were formerly participants in The Hotel Employees And Restaurant Employees International Union Pension Fund at 711 North Commons Drive, Aurora, Illinois. In addition, Defendant does business in Chicago, Illinois and maintains a registered agent and office in Chicago,

2

Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

## FACTS

8.      Defendant, by its authorized agent, has executed collectively-bargained labor agreements with Hotel Employees and Restaurant Employees Union Local 84 (Labor Agreements), which require contributions be made to the Pension Fund for and on behalf of Defendant's eligible employees.

9.      The Labor Agreements bind Defendant to the Pension Trust Agreement.

10.      Under the Pension Trust Agreement, Plaintiffs have the right to examine and/or audit the pertinent payroll books and records of each Employee whenever such examination or audit is deemed necessary in connection with the proper administration of the Funds.

11.      Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2001 through December 31, 2001 in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs.

12.      Currently, Defendant has allowed Plaintiffs to audit for the period January 1, 2002 through December 31, 2005. If Defendant refuses to pay the contributions for that period, Plaintiffs seek collection of those amounts as well.

13.      A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

14.      Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

3

15.    Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.    That an account be taken as to all employees of Defendant covered by the Labor Agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period January 1, 2001 through December 31, 2001;

B.    That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions found due through all audited periods potentially including January 1, 2001 through December 31, 2005, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action, or as subsequently determined all as provided for in the Plans and in ERISA;

C.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).


/s/   Laura M. Finnegan


Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  6210637
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Aramark\Kenyon College\complaint.lmf.df.wpd

4

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | ) ) ) | FILED: MAY 21, 2008 |
| | ) | 08CV2938          TC |
| H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | ) ) ) ) | JUDGE KOCORAS MAGISTRATE JUDGE ASHMAN  CIVIL ACTION |
| THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND, | ) ) ) ) ) | NO.  JUDGE |
| RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL RETIREMENT FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ARAMARK CORPORATION, f/k/a ARAMARK SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

The Plaintiffs, THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES

INTERNATIONAL UNION WELFARE FUND ("Welfare Fund"), H. W. WARD, as fiduciary of

THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION

WELFARE FUND, THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL

EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND

("Pension Fund") and RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL

RETIREMENT FUND (collectively "Plaintiffs"), by their attorneys, complaining of the Defendant,

ARAMARK CORPORATION, f/k/a ARAMARK SERVICES, INC., allege as follows:

### JURISDICTION

1.     This action arises under the laws of the United States and is brought pursuant to the

Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515,

29 U.S.C. §§1132(a)(3) and 1145.  Jurisdiction is based upon the existence of questions arising

thereunder, as hereinafter more fully appears.

### PARTIES

2.     Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29

U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5)

and 29 U.S.C. §186(c)(5).  The Welfare Fund brings this action in such capacity as an entity

pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3.     The Trustees of the Welfare Fund and the Sixth Amended and Restated Agreements

and Declarations of Trusts (Welfare Trust Agreement) governing the Welfare Fund's establishment

and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare

Fund's behalf. H. W. Ward, as Plan Administrator, brings this action pursuant to such authority and

in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and

29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4.     Plaintiff Pension Fund is a "pension plan" pursuant to ERISA §§3(2)(A) and 3(37)

and 29 U.S.C.  §§1002(1) and 1002(37) and is an "employee benefit trust fund" under LMRA

§302(c)(5) and 29 U.S.C. §186(c)(5).  The Pension Fund brings this action in such capacity as an

entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

5.    The Trustees of the Pension Fund and the Agreement and Declaration of Trust (Pension Trust Agreement) governing the Pension Fund's establishment and operation authorize the Pension Fund's Plan Administrator to initiate litigation on the Pension Fund's behalf. Richard N. Rust, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Pension Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(-A) and 1132(a)(3).

6.    Defendant is a Delaware corporation and is engaged in the hospitality industry with a principal place of business located at 1101 Market Street, Philadelphia, Pennsylvania.  The location at which the employees work is Citibank, 1 Court Square, Long Island City, New York.

## VENUE

7.    The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. The Pension Fund maintains an office for collecting pension contributions for employees who were formerly participants in The Hotel Employees And Restaurant Employees International Union Pension Fund at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

## FACTS

8.    Defendant, by its authorized agent, has executed collectively-bargained labor agreements with HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES UNION LOCAL

3

100 (Labor Agreements), which require contributions be made to the Welfare Fund and Pension Fund for and on behalf of Defendant's eligible employees.

9.      The Labor Agreements bind Defendant to the Welfare Trust Agreement and the Pension Trust Agreement.

10.     Under the Welfare Trust and Pension Trust Agreements, Plaintiffs have the right to examine and/or audit the pertinent payroll books and records of each Employer whenever such examination or audit is deemed necessary in connection with the proper administration of the Funds.

11.     Under the Welfare Trust Agreement, the Trustees, or their authorized representatives are allowed to examine and/or audit the pertinent payroll records of each Employer upon the premises of the Employer, during business hours, to determine whether the Employers is making full and prompt payments of contributions.

12.     Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2000 through December 31, 2001 in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs.

13.     Currently, Defendant has allowed Plaintiffs to audit for the period January 1, 2002 through December 31, 2004. If there are any findings that show Defendant owes contributions for that period, Plaintiffs seek collection of those amounts as well.

14.     Defendant has also refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2005 through December 31, 2007 at the premises of the Employer to determine whether the Employers is making full and prompt payments of contributions.

4

15.    If there are any findings that show Defendant owes contributions for the time period January 1, 2005 through December 31, 2007 Plaintiffs seek collection of those amounts as well.

16.    A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

17.    Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

18.    Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.    That an account be taken as to all employees of Defendant covered by the Labor Agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period January 1, 2000 through December 31, 2000;

B.    That Defendant allow Plaintiffs access to Defendant's premises to examine and/or audit Defendant's payroll books and records for the period January 1, 2005 through December 31, 2007;

C.    That judgment be entered in favor of Plaintiffs and against Defendant for all audited periods that show unpaid contributions, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action, or as subsequently determined all as provided for in the Plans and in ERISA;

D.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).

/s/   Laura M. Finnegan

5

Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  6210637
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Aramark\Citibank\complaint.lmf.df.wpd

6