IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, <br><br> H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, <br><br> THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND, <br><br> RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL RETIREMENT FUND, <br><br>     Plaintiffs, <br><br>  vs. <br><br> ARAMARK CORPORATION, f/k/a ARAMARK SERVICES, INC., <br><br>     Defendant. | CASE NO. 01:08 CV 2883 <br><br> JUDGE KENDALL <br><br> MAGISTRATE JUDGE BROWN |

**DEFENDANT'S ANSWER TO COMPLAINT**

  Defendant, ARAMARK CORPORATION ("ARAMARK"), by its attorneys, hereby Answers Plaintiffs' Complaint as follows:

## JURISDICTION

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act if 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145. Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:** ARAMARK admits that Plaintiffs' Complaint purports to allege claims under ERISA and purports to be brought pursuant to 29 U.S.C. §§1132(a)(3) and 1145. ARAMARK admits that Plaintiffs seek to invoke the jurisdiction of this Court, but such allegation constitutes a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, ARAMARK states that 29 U.S.C. §§1132(a)(3) and 1145 speak for themselves.

## PARTIES

2. Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37) and 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under LMRA §302(c)(5) and 29 U.S.C. §186(c)(5). The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

**ANSWER:** The allegations contained in Paragraph 2 of Plaintiffs' Complaint constitute legal conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, ARAMARK states that 29 U.S.C. §§1002(1), 1102(37), 186(c)(5), 1132(d)(1) and 1132(e)(1) speak for themselves.

3. The Trustees of the Welfare Fund and the Sixth Amended and Restated Agreements and Declarations of Trusts (Welfare Trust Agreement) governing the Welfare

Fund's establishment and operation authorizes the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf. H.W. Ward, as Plan Administrator, brings this action pursuant to such authority and in his capacity as fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

**ANSWER:** ARAMARK states that the Welfare Trust Agreement speaks for itself. The remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint constitute legal conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, ARAMARK states that 29 U.S.C. §§1002(21)(A) and 1132(a)(3) speak for themselves.

4. Plaintiff Pension Fund is a "pension plan" pursuant to ERISA §§3(2)(A) and 3(37) and 29 U.S.C. §§1002(1) and 1002(37) and is an "employee benefit trust fund" under LMRA §302(c)(5) and 29 U.S.C. §186(c)(5). The Pension Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

**ANSWER:** The allegations contained in Paragraph 4 of Plaintiffs' Complaint constitute legal conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, ARAMARK states that 29 U.S.C. §§1002(1), 1002(37), 186(c)(5), 1132(d)(1) and 1132(e)(1) speak for themselves.

5. The Trustees of the Pension Fund and the Agreement and Declaration of Trust (Pension Trust Agreement) governing the Pension Fund's establishment and operation authorize the Pension Fund's Plan Administrator to initiate litigation on the Pension Fund's behalf. Richard N. Rust, as Plan Administrator, brings this action pursuant to such authority and in his

capacity as a fiduciary of the Pension Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(-A) [sic] and 1132(a)(3).

**ANSWER:** ARAMARK states that the Pension Trust Agreement speaks for itself. The remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint constitute legal conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, ARAMARK states that 29 U.S.C. §§1002(21)(A) and 1132(a)(3) speak for themselves.

6. Defendant is a Delaware corporation and is engaged in the hospitality industry with a principal place of business located at 1001 Market Street, Philadelphia, Pennsylvania. The location at which the employees worked was Chase Manhattan at 1985 Marcus Avenue, New Hyde Park, NY.

**ANSWER:** ARAMARK admits the allegations contained in the first sentence of Paragraph 6 of Plaintiffs' Complaint. ARAMARK further admits that, with respect to the allegations made by Plaintiffs' in their Complaint, the location at which the employees worked was Chase Manhattan at 1985 Marcus Avenue, New Hyde Park, NY. ARAMARK denies the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

## VENUE

7. The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

**ANSWER:** ARAMARK lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 7 of Plaintiffs'

Complaint and, therefore, denies such allegations. The remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint constitute legal conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, ARAMARK states that 29 U.S.C. §1132(e)(2) speaks for itself.

**FACTS**

8. Defendant, by its authorized agent, has executed collectively-bargained labor agreements with HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES UNION LOCAL 100 (Labor Agreements), which require contributions be made to the Pension Fund for and on behalf of Defendant's eligible employees.

**ANSWER:** ARAMARK admits that is has entered into a collective bargaining agreement with the Hotel Employees and Restaurant Employees Union Local 100. ARAMARK states that the collective bargaining agreement speaks for itself.

9. The Labor Agreements bind Defendant to the Welfare Trust Agreement and the Pension Trust Agreement.

**ANSWER:** ARAMARK states that the collective bargaining agreement speaks for itself.

10. Under the Welfare Trust and Pension Trust Agreements, Plaintiffs have the right to examine and/or audit the pertinent payroll books and records of each Employees [sic] whenever such examination or audit is deemed necessary in connection with the proper administration of the Funds.

**ANSWER:** ARAMARK states that the Welfare Trust Agreement and Pension Trust Agreement speak for themselves.

11. Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2000 through December 31, 2004 and January 1, 2005 through December 1, 2006 in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs.

**ANSWER:** ARAMARK denies that is failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2005, through December 31, 2006. ARAMARK lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies such allegations.

12. Currently, Defendant has allowed Plaintiffs to audit for the period January 1, 2002 through December 31, 2004. If Defendant refuses to pay the contributions for that period, Plaintiffs seek collection of those amounts as well.

**ANSWER:** ARAMARK lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 12 of Plaintiffs' Complaint and, therefore, denies such allegations. With respect to the second sentence of Paragraph 12 of Plaintiffs' Complaint, to the extent a responsive pleading is required, ARAMARK states the Welfare Trust Agreement and Pension Trust Agreement speak for themselves with respect to ARAMARK's obligations regarding payment of contributions.

13. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

**ANSWER:** ARAMARK lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and, therefore, denies such allegations.

14. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:** ARAMARK denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** ARAMARK denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Defendant ARAMARK Corporation ("ARAMARK"), through its undersigned counsel, as affirmative and/or other defenses to Plaintiffs' allegations, states as follows:

1. Plaintiffs have failed in whole or in part to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrine of laches, equitable estoppel and/or waiver.

3. ARAMARK reserves the right to assert additional affirmative defenses and other defenses as they become known through the course of discovery.

WHEREFORE, ARAMARK respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice, award ARAMARK its costs and reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: July 18, 2008

Respectfully submitted,

ARAMARK CORPORATION

By: /s/ Stephanie L. Sweitzer
One of Its Attorneys

Thomas F. Hurka
Stephanie L. Sweitzer
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Fifth Floor
Chicago, IL  60601
Tel.:   312.324.1000
Fax:   312.324.1001
thurka@morganlewis.com
ssweitzer@morganlewis.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Defendant's Answer to Complaint was served via the Court's CM/ECF (Electronic Case Filing) System on:

> Laura M. Finnegan
> Attorney for the Plaintiffs
> BAUM SIGMAN AUERBACH &
>   NEUMAN, LTD.
> 200 West Adams Street, Suite 2200
> Chicago, IL  60606-5231
> lmfinnegan@baumsigman.com

on July 18, 2008.

/s/  Stephanie L. Sweitzer