IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | )<br>)<br>)<br>) |
| H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, | )<br>)<br>)   CIVIL ACTION<br>) |
| THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND, | )   NO. 08 C 2883<br>)<br>)   JUDGE KENDALL<br>)<br>) |
| RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL RETIREMENT FUND, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| ARAMARK CORPORATION, and ARAMARK CAMPUS, LLC | )<br>)<br>) |
| Defendants. | ) |

## AMENDED CONSOLIDATED COMPLAINT

The Plaintiffs, THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND ("Welfare Fund"), H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND ("Pension Fund") and RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL

RETIREMENT FUND (collectively "Plaintiffs"), by their attorneys, complaining of the Defendants, ARAMARK CORPORATION, and ARAMARK CAMPUS, LLC, allege as follows:

## JURISDICTION

1.  This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145.  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

## PLAINTIFFS

2.  Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5), 29 U.S.C. §186(c)(5).  The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 9 U.S.C. §§1132(d)(1) and 1132(e)(1) and (2).

3.  The Trustees of the Welfare Fund and the Sixth Amended and Restated Agreements and Declarations of Trusts (Welfare Trust Agreement) governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf.  H. W. Ward, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4.  Plaintiff Pension Fund is a "pension plan" pursuant to ERISA §§3(2)(A) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and is an "employee benefit trust fund" under LMRA §302(c)(5), 29 U.S.C. §186(c)(5).  The Pension Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

5. The Trustees of the Pension Fund and the Agreement and Declaration of Trust (Pension Trust Agreement) governing the Pension Fund's establishment and operation authorize the Pension Fund's Plan Administrator to initiate litigation on the Pension Fund's behalf. Richard N. Rust, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Pension Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

## DEFENDANTS

6. Defendant, Aramark Corporation, is a Delaware corporation and is engaged in the hospitality industry with a principal place of business located at 1101 Market Street, Philadelphia, Pennsylvania.

7. Defendant, Aramark Campus LLC, is a Delaware limited liability company engaged in the hospitality industry with a principal place of business located at 1101 Market Street, Philadelphia, Pennsylvania.

## VENUE

8. The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

## FACTS

9. Defendant, Aramark Corporation, by its authorized agent, has executed collectively-bargained labor agreements with Hotel Employees And Restaurant Employees Union Local 100 (Labor Agreements), which require contributions be made to the Welfare Fund and Pension Fund

for and on behalf of Defendant's eligible employees who work at Chase Manhattan Bank at 1985 Marcus Avenue, New Hyde Park, NY.

10. Defendant, Aramark Corporation, by its authorized agent, has executed collectively-bargained labor agreements with Hotel Employees And Restaurant Employees Union Local 100 (Labor Agreements), which require contributions be made to the Welfare Fund and Pension Fund for and on behalf of Defendant's eligible employees who work at Citibank, 1Court Square, Long Island City, NY.

11. Defendant, Aramark Campus, by its authorized agent, has executed collectively-bargained labor agreements with Hotel Employees and Restaurant Employees Union Local 84 (Labor Agreements), which require contributions be made to the Pension Fund for and on behalf of Defendant's eligible employees who work at Kenyon College, Gambier, OH.

12. The Labor Agreements bind Defendants to the Welfare Trust Agreement and the Pension Trust Agreement.

13. Under the Welfare Trust and Pension Trust Agreements, Plaintiffs have the right to examine and/or audit the pertinent payroll books and records of each Employer whenever such examination or audit is deemed necessary in connection with the proper administration of the Funds.

14. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h), 29 U.S.C. §1132(h).

## COUNT I

### Demand for Audit at Chase Manhattan

15. Paragraphs 1 through 14 are incorporated as if fully restated herein.

16. Defendant, Aramark Corporation, has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2000 through December 31, 2001 at the Chase Manhattan site.

17. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

18. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That an account be taken as to all of Defendant, Aramark Corporation's employees who work at Defendant's site at Chase Manhattan covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period January 1, 2000 through December 31, 2001;

B. That judgment be entered in favor of Plaintiffs and against Defendant Aramark Corporation for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records for the period January 1, 2000 through December 31, 2001, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action, or as subsequently determined all as provided for in the Plans and in ERISA;

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).

## COUNT II

### Demand for Audit at Citibank

19. Paragraphs 1 through 14 are incorporated as if fully restated herein.

20. Defendant, Aramark Corporation, has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2000 through December 31, 2001 at the Citibank site.

21. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

22. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That an account be taken as to all of Defendant, Aramark Corporation's employees who work at Defendant's site at Citibank covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period January 1, 2000 through December 31, 2001;

B. That judgment be entered in favor of Plaintiffs and against Defendant Aramark Corporation for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records for the period January 1, 2000 through December 31, 2001, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action, or as subsequently determined all as provided for in the Plans and in ERISA;

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

## COUNT III

### Demand for Audit at Kenyon College

23. Paragraphs 1 through 14 are incorporated as if fully restated herein.

24. Defendant, Aramark Corporation, has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2000 through December 31, 2001 at the Kenyon College site.

25. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

26. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That an account be taken as to all of Defendant, Aramark Campus' employees who work at Defendant's site at Kenyon College covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period January 1, 2001 through December 31, 2001;

B. That judgment be entered in favor of Plaintiffs and against Defendant Aramark Campus for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action, or as subsequently determined all as provided for in the Plans and in ERISA;

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

## COUNT IV

### Demand for Audit Amounts due for hours worked at Citibank

27. Paragraphs 1 through 14 are incorporated as if fully restated herein.

28. Defendant Aramark Corporation has allowed Plaintiffs to audit for the period January 1, 2002 through December 31, 2004 at the Citibank site.

29. Defendant has made payment of contributions due Plaintiffs for the audited time period January 1, 2002 through December 31, 2004, but such payment was made in an untimely under the Collective Bargaining Agreement and Trust Agreements. Plaintiffs have assessed liquidated damages and interest against the Defendant as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages and interest.

WHEREFORE, Plaintiffs pray:

A. That Judgment be entered in favor of Plaintiffs and against Defendant for all unpaid interest, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Plans and in ERISA;

B. That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular, to continue submitting the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA;

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT V

### Demand for Audit Amounts Due For Hours Worked at Kenyon College

30. Paragraphs 1 through 14 are incorporated as if fully restated herein.

31. Defendant Aramark Campus allowed Plaintiffs to audit for the period January 1, 2002 through December 31, 2005 at the Kenyon College site.

32. Defendant Aramark Campus owes the Pension Fund, as of July 30, 2008, a balance due of $40,063.44 for the audited period January 1, 2002 through December 31, 2005. The balance due includes the audit principal fo $31,946.15, a credit for an overpayment of $2,149.27, interest through July 30, 2008 of $4,307.18 and liquidated damages of $5,959.38.

33. Plaintiffs have requested that Defendant perform its obligations and pay the amounts due for the period January 1, 2002 through December 31, 2005, but Defendant has failed and refused to so perform.

34. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That Judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, interest, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Plans and in ERISA;

B. That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular, to continue submitting the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA;

    C.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  6210637
Telephone: (312) 236-4316
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Aramark\amded consolidated complaint 08-12-08 lmf.ww.wpd

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney of record, hereby certifies that on August 12, 2008, on or before the hour of 5:00 p.m., she electronically filed the foregoing document Amended Consolidated Complaint, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Thomas F. Hurka
    Stephanie L. Sweitzer
    Morgan, Lewis & Bockius, LLP
    77 W. Wacker Drive, Fifth Floor
    Chicago, IL   60601
    thurka@morganlewis.com
    ssweitzer@morganlewis.com


    /s/ Laura M. Finnegan


Laura M. Finnegan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6210637
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Aramark\amded consolidated complaint 08-12-08 lmf.ww.wpd