IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> ARAMARK CORPORATION, and ARAMARK CAMPUS, LLC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) NO. 08 C 2883 |

**JOINT INITIAL STATUS REPORT**

The parties, by and through their attorneys, hereby submit their Joint Initial Status Report:

1. The attorneys of record for this case are Laura M. Finnegan for Plaintiffs and Thomas F. Hurka and Stephanie L. Sweitzer for Defendants. They attorneys of record are expected to try this case.

2. The basis for federal jurisdiction in this case is federal question, as Plaintiffs' Amended Consolidated Complaint ("Complaint") alleges a violation of ERISA, 29 U.S.C. Sections 1132 and 1145.

3. Plaintiffs allege in their Complaint that Defendants refused to provide Plaintiffs with an audit examination of Defendants' payroll books and records at three of Defendants' sites: J.P. Morgan Chase, Citibank and Kenyon College. In addition, the Complaint also alleges that Defendants are delinquent in contributions for amounts due for the time period of 2002 through

2004 from the Kenyon College site, and interest and liquidated damages due for the time period of 2002 through 2004 at the Citibank site. The parties do not expect any counterclaims.

4. The principal legal issue in Counts I, II and III of Plaintiffs' Complaint is whether Plaintiffs have the right to audit Defendants' payroll books and records for all three sites for the period 2000 through 2001. On April 25, 2005, the parties entered into what they called a "procedural agreement." The principal factual issue in Counts I, II and III is the interpretation of the procedural agreement. Plaintiffs' position is that the procedural agreement allows them to audit for 2000 and 2001, while Defendants take the position that the procedural agreement precludes an audit for that time period. Plaintiffs take the position that because they have a fiduciary duty to provide benefits for their participants and beneficiaries, under <u>Central States v. Central Transport</u>, 472 U.S. 559 (1985), they have the right to the payroll audit in order to carry out their fiduciary duties, and the terms of procedural agreement did not waive their right to audit.

5. In Count IV, Plaintiffs allege that ARAMARK Campus, LLC failed to pay contributions due on an audit of the Kenyon College site for the time period of 2002 through 2004. In Count V, Plaintiffs allege that ARAMARK Corporation failed to pay interest and liquidated damages resulting from the audit of the Citibank site. Defendants may dispute Plaintiffs' audit findings for the Kenyon College site, and there may be factual disputes about Plaintiffs' entitlement to, and calculation of interest and liquidated damages resulting from, the audit of the Citibank site.

6. The parties do not anticipate a jury trial.

7. The parties have not undertaken any formal discovery to date. Plaintiffs have produced their trust agreements to Defendants and both parties appear to have copies of the

procedural agreement. Discovery on the issue of the parties' interpretation of the procedural agreement may require depositions. Additional discovery may be taken on the issue of Plaintiffs' entitlement to, and the calculation of, the amounts due as claimed in Counts IV and V of the Complaint; that is to say contributions due from the Kenyon College site and interest and liquidated damages due from the Citibank site. The parties agree that discovery should be completed by December 31, 2008.

8. The parties anticipate that one or both of them will file dispositive motions no later than February 4, 2009.

9. The earliest date the parties will be ready for trial is Monday, May 4, 2009.

10. The parties do not consent to proceeding to trial before a Magistrate Judge.

11. Prior to litigation, the parties attempted to settle Counts I, II and III without success. The parties do not believe that a court-sponsored settlement conference would be productive at this time, but may request a settlement conference after discovery is underway.

Respectfully submitted,

/s/   Laura M. Finnegan
Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH &
NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
lmfinnegan@baumsigman.com

/s/   Stephanie L. Sweitzer
Thomas F. Hurka
Stephanie L. Sweitzer
Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL  60601
thurka@morganlewis.com
ssweitzer@morganlewis.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Joint Initial Status Report was served via the Court's CM/ECF (Electronic Case Filing) System on:

> Laura M. Finnegan
> Attorney for the Plaintiffs
> BAUM SIGMAN AUERBACH &
>   NEUMAN, LTD.
> 200 West Adams Street, Suite 2200
> Chicago, IL  60606-5231
> lmfinnegan@baumsigman.com

on August 22, 2008.

/s/  Stephanie L. Sweitzer