IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, <br><br> H. W. WARD, as fiduciary of THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, <br><br> THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND, <br><br> RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL RETIREMENT FUND, <br><br>                 Plaintiffs, <br><br>     vs. <br><br> ARAMARK CORPORATION, and ARAMARK CAMPUS, LLC <br><br>                 Defendant. | CASE NO. 01:08 CV 2883 <br><br> JUDGE KENDALL <br><br> MAGISTRATE JUDGE BROWN |

**DEFENDANTS' ANSWER TO PLAINTIFFS'
AMENDED CONSOLIDATED COMPLAINT**

Defendants, ARAMARK CORPORATION and ARAMARK CAMPUS, LLC (collectively, "Defendants"), by their attorneys, hereby Answer Plaintiffs' Amended Consolidated Complaint ("Complaint") as follows:

## JURISDICTION

1.      This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act if 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145.  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:**    Defendants admit that Plaintiffs' Complaint purports to allege claims under ERISA and purports to be brought pursuant to 29 U.S.C. §§1132(a)(3) and 1145.  Defendants admit that Plaintiffs seek to invoke the jurisdiction of this Court, but such allegation constitutes a conclusion of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants state that 29 U.S.C. §§1132(a)(3) and 1145 speak for themselves.

## PARTIES

2.      Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under LMRA §302(c)(5), 29 U.S.C. §186(c)(5).  The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 9 [sic] U.S.C. §§1132(d)(1) and 1132(e)(1) and (2).

**ANSWER:**    The allegations contained in Paragraph 2 of Plaintiffs' Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants state that 29 U.S.C. §§1002(1), 1102(37), 186(c)(5), 1132(d)(1) and 1132(e)(1) and (2) speak for themselves.

3.      The Trustees of the Welfare Fund and the Sixth Amended and Restated Agreements and Declarations of Trusts (Welfare Trust Agreement) governing the Welfare

Fund's establishment and operation authorizes the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf. H.W. Ward, as Plan Administrator, brings this action pursuant to such authority and in his capacity as fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

**ANSWER:** Defendants state that the Welfare Trust Agreement speaks for itself. The remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants state that 29 U.S.C. §§1002(21)(A) and 1132(a)(3) speak for themselves.

4.  Plaintiff Pension Fund is a "pension plan" pursuant to ERISA §§3(2)(A) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and is an "employee benefit trust fund" under LMRA §302(c)(5), 29 U.S.C. §186(c)(5). The Pension Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

**ANSWER:** The allegations contained in Paragraph 4 of Plaintiffs' Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants state that 29 U.S.C. §§1002(1), 1002(37), 186(c)(5), 1132(d)(1) and 1132(e)(1) speak for themselves.

5.  The Trustees of the Pension Fund and the Agreement and Declaration of Trust (Pension Trust Agreement) governing the Pension Fund's establishment and operation authorize the Pension Fund's Plan Administrator to initiate litigation on the Pension Fund's behalf. Richard N. Rust, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Pension Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

**ANSWER:** Defendants state that the Pension Trust Agreement speaks for itself. The remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants state that 29 U.S.C. §§1002(21)(A) and 1132(a)(3) speak for themselves.

6. Defendant, Aramark [sic] Corporation, is a Delaware corporation and is engaged in the hospitality industry with a principal place of business located at 1001 Market Street, Philadelphia, Pennsylvania.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant, Aramark [sic] Campus LLC, is a Delaware limited liability company engaged in the hospitality industry with a principal place of business located at 1001 Market Street, Philadelphia, Pennsylvania.

**ANSWER:** Defendants admit the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

## VENUE

8. The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 8 of Plaintiffs' Complaint and, therefore, deny such allegations. The remaining allegations contained in Paragraph 8 of

Plaintiffs' Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants state that 29 U.S.C. §1132(e)(2) speaks for itself.

## FACTS

9. Defendant, Aramark [sic] Corporation, by its authorized agent, has executed collectively-bargained labor agreements with Hotel Employees And Restaurant Employees Union Local 100 (Labor Agreements), which require contributions be made to the Welfare Fund and Pension Fund for and on behalf of Defendant's eligible employees who work at Chase Manhattan Bank at 1985 Marcus Avenue, New Hyde Park, NY.

**ANSWER:** ARAMARK Corporation admits that it has entered into a collective bargaining agreement with the Hotel Employees and Restaurant Employees Union Local 100. Defendants state that the collective bargaining agreement speaks for itself.

10. Defendant, Aramark [sic] Corporation, by its authorized agent, has executed collectively-bargained labor agreements with Hotel Employees And Restaurant Employees Union Local 100 (Labor Agreements), which require contributions be made to the Welfare Fund and Pension Fund for and on behalf of Defendant's eligible employees who work at Citibank, 1Court Square, Long Island City, NY.

**ANSWER:** ARAMARK Corporation admits that it has entered into a collective bargaining agreement with the Hotel Employees and Restaurant Employees Union Local 100. Defendants state that the collective bargaining agreement speaks for itself.

11.     Defendant, Aramark [sic] Campus, by its authorized agent, has executed collectively-bargained labor agreements with Hotel Employees and Restaurant Employees Union Local 84 (Labor Agreements), which require contributions be made to the Welfare Fund and Pension Fund for and on behalf of Defendant's eligible employees who work at Kenyon College, Gambier, OH.

**ANSWER:**   ARAMARK Campus, LLC admits that it has entered into a collective bargaining agreement with the Hotel Employees and Restaurant Employees Union Local 84.  Defendants state that the collective bargaining agreement speaks for itself.

12.     The Labor Agreements bind Defendant to the Welfare Trust Agreement and the Pension Trust Agreement.

**ANSWER:**   Defendants state that the collective bargaining agreements speak for themselves.

13.     Under the Welfare Trust and Pension Trust Agreements, Plaintiffs have the right to examine and/or audit the pertinent payroll books and records of each Employer whenever such examination or audit is deemed necessary in connection with the proper administration of the Funds.

**ANSWER:**   Defendants state that the Welfare Trust Agreement and Pension Trust Agreement speak for themselves.

14.     A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h), 29 U.S.C. §1132(h).

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and, therefore, deny such allegations.

## COUNT I

### Demand for Audit at Chase Manhattan

15. Paragraphs 1 through 14 are incorporated as if fully restated herein.

**ANSWER:** Defendants restate and incorporate by reference their answers to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. Defendant, Aramark [sic] Corporation, has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2000 through December 31, 2001 at the Chase Manhattan site.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and, therefore, deny such allegations.

17. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:** Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

## COUNT II

### Demand for Audit at Citibank

19.     Paragraphs 1 through 14 are incorporated as if fully restated herein.

**ANSWER:**     Defendants restate and incorporate by reference their answers to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

20.     Defendant, Aramark [sic] Corporation, has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2000 through December 31, 2001 at the Citibank site.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and, therefore, deny such allegations.

21.     Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

## COUNT III

### Demand for Audit at Kenyon College

23.     Paragraphs 1 through 14 are incorporated as if fully restated herein.

**ANSWER:**     Defendants restate and incorporate by reference their answers to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

24.     Defendant, Aramark [sic] Corporation, has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2000 through December 31, 2001 at the Kenyon College site.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint and, therefore, deny such allegations.

25.     Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

## COUNT IV

### Demand for Audit Amounts due for hours worked at Citibank

27.     Paragraphs 1 through 14 are incorporated as if fully restated herein.

**ANSWER:**     Defendants restate and incorporate by reference their answers to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

28.     Defendant Aramark [sic] Corporation has allowed Plaintiffs to audit for the period of January 1, 2002 through December 31, 2004 at the Citibank site.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendant has made payment of contributions due Plaintiffs for the audited time period January 1, 2002 through December 31, 2004, but such payment was made in an untimely under [sic] the Collective Bargaining Agreement and Trust Agreements. Plaintiffs have assessed liquidated damages and interest against the Defendant as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages and interest.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint and, therefore, deny such allegations.

## COUNT V

## Demand for Audit Amounts Due For Hours Worked at Kenyon College

30.     Paragraphs 1 through 14 are incorporated as if fully restated herein.

**ANSWER:**    Defendants restate and incorporate by reference their answers to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

31.     Defendant Aramark [sic] Campus allowed Plaintiffs to audit for the period January 1, 2002 through December 31, 2005 at the Kenyon College site.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     Defendant Aramark [sic] Campus owes the Pension Fund, as of July 30, 2008, a balance due of $40,063.44 for the audited period January 1, 2002 through December 31, 2005. The balance due includes the audit principal fo [sic] $31,946.15, a credit for an overpayment of $2,149.27, interest through July 3, 2008 of $4,307.18 and liquidated damages of $5,959.38.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Plaintiffs have requested that Defendant perform its obligations and pay the amounts due for the period January 1, 2002 through December 31, 2005, but Defendant has failed and refused to so perform.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

34. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Defendants ARAMARK Corporation and ARAMARK Campus, LLC (collectively, "Defendants"), through their undersigned counsel, as affirmative and/or other defenses to Plaintiffs' allegations, state as follows:

1. Plaintiffs have failed in whole or in part to state a claim upon which relief can be granted.

2. Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred by the doctrine of laches, equitable estoppel and/or waiver.

4. Defendants reserve the right to assert additional affirmative defenses and other defenses as they become known through the course of discovery.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice, award Defendants their costs and reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: September 2, 2008

Respectfully submitted,

ARAMARK CORPORATION and
ARAMARK CAMPUS, LLC

By:   /s/  Stephanie L. Sweitzer
      One of Its Attorneys

Thomas F. Hurka
Stephanie L. Sweitzer
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Fifth Floor
Chicago, IL  60601
Tel.:   312.324.1000
Fax:   312.324.1001
thurka@morganlewis.com
ssweitzer@morganlewis.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Defendants' Answer to Plaintiffs' Amended Consolidated Complaint was served via the Court's CM/ECF (Electronic Case Filing) System on:

> Laura M. Finnegan
> Attorney for the Plaintiffs
> BAUM SIGMAN AUERBACH &
>   NEUMAN, LTD.
> 200 West Adams Street, Suite 2200
> Chicago, IL  60606-5231
> lmfinnegan@baumsigman.com

on September 2, 2008.

/s/  Stephanie L. Sweitzer